# EXHIBIT 1



ELECTRONICALLY FILED
1/28/2010 1:06 PM
CV-2010-900215.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| DANIEL MINGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CV 2010-_____ |
| | ) |

CITY OF MOBILE & Defendants' No.1 whether singular or plural, hereby intending to designate the Employee/Agent/Contractor of the City of Mobile, Mobile Police Officer(s) and/or civilian that assaulted, battered, used excess force and otherwise violated Plaintiff's civil rights, and whose intentional, wanton & negligent conduct caused and/or contributed to Plaintiff's injuries on the occasion made the basis of this suit;

No.2, whether singular or plural, hereby intending to designate the supervisor(s) of the Employee/Agent/Contractor of the City of Mobile, Mobile Police Officers and/or civilian that assaulted, battered, used excess force and otherwise violated Plaintiff's civil rights, and whose intentional, wanton & negligent conduct caused and/or contributed to Plaintiff's injuries on the occasion made the basis of this suit;

No. 3, whether singular or plural, hereby intending to designate that entity or those entities who or which afforded any insurance coverage to the City of Mobile and/or the Mobile Police Officers and/or civilian that assaulted, battered, used excess force and otherwise violated Plaintiff's civil rights, and whose negligence caused Plaintiff's injuries on the occasion made the basis of this suit;

No. 4, whether singular or plural, hereby intending to designate that entity or those entities who or which were the master or principal of the Employee/Agent/Contractor of the City of Mobile, City of Mobile and/or Mobile Police Officers and/or civilian(s) that assaulted, battered, tortured, used excess force and otherwise violated Plaintiff's civil rights, and whose negligence caused Plaintiff's injuries on the occasion made the basis of this suit;

No. 5, whether singular of plural, that person, entity or those entities who or which negligently entrusted the articles of violence and/or failed to properly train, to-wit: any instrument, weapon, taser, and/or device used by the Employee/Agent/Contractor of the City of Mobile, Mobile Police Officers upon Plaintiff as a "non-lethal" device involved in the occurrence made the basis of this lawsuit;

No. 6, whether singular or plural, hereby intending to designate that entity or those entities on whose behalf the Mobile Police Officers and/or civilian were acting on behalf for when they assaulted, battered, used excess force and otherwise violated Plaintiff's civil rights, and whose negligence caused Plaintiff's injuries on the occasion made the basis of this suit;

No. 7, whether singular or plural, hereby intending to designate that person or persons, entity or those entities who or which was responsible for the Plaintiff's safety and the conduct of the Employee/Agent/Contractor of the City of Mobile, Mobile Police Officers and/or civilian that assaulted, battered, used excess force and otherwise violated Plaintiff's civil rights, and whose negligence caused Plaintiff's injuries on the occasion made the basis of this suit;

No. 8, whether singular or plural, that entity or those entities who or which had conducted safety inspections, training or hiring with respect to the Employee/Agent/Contractor of the City of Mobile, Mobile Police Officers and/or civilian that assaulted, battered, used excess

force and otherwise violated Plaintiff's civil rights, and whose negligence caused Plaintiff's injuries on the occasion made the basis of this suit

No. 9, whether singular or plural, hereby intending to designate that entity or those entities who or which manufactured, designed, sold, and/or marketed any instrument, weapon, taser, and/or device used by the Employee/Agent/Contractor of the City of Mobile, Mobile Police Officers upon Plaintiff as a "non-lethal" device involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith;

No. 10, whether singular or plural, hereby intending to designate that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of the vehicle involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith;

No. 11 whether singular or plural, that entity or those entities, that individual or those individuals, described above whose negligence, wantonness, and/or wrongful conduct contributed to cause the occurrence made the basis of this lawsuit;

No. 12, whether singular or plural, hereby intending to designate that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above;

No. 13, whether or plural, hereby intending to designate that entity or those entities of this than those entities described above, which was the predecessor corporation of any of the entities described above.

Plaintiff avers that the identity of the fictitious party Defendants stated herein are otherwise unknown to at this time or, if their names are known to at this time, their identity as proper party Defendants is not known to at this time, and their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.

Defendants.

## JURY TRIAL REQUESTED

## COMPLAINT

### GENERAL AVERMENTS

1. The Defendant, City of Mobile, a municipality or other legal entity, operates its Police Department, referred to as Mobile Police Department and it was under a legal duty (whether by contract, common law or statutory law) to refrain from

      violating the civil rights of the Plaintiff, not to assault and batter the Plaintiff, not to negligently and/or wantonly use excess force while apprehending the Plaintiff, to operate its Police Department in a reasonably safe manner and to properly train and supervise its employees and not to injure citizens by wrongful conduct. This Defendant, by policy, allowed and/or otherwise condoned the conduct committed by its officers.

2.    Defendants, both named and fictitious, individually and in their official capacity as an employees of Defendant City of Mobile, to-wit: Police Officer(s), wrongly detained & arrested the Plaintiff without probable cause and while doing so, assaulted, battered, used excess force, tortured and otherwise violated Plaintiff's civil rights, and whose negligence/wantoness caused Plaintiff's injuries on the occasion made the basis of this suit. Defendants, both named and fictitious, at all material times listed herein, were agents/servants acting in the interests of his principle/master, the Defendant City of Mobile.

3.    Upon information and belief approximately twenty (20) Mobile Police Officers were directly and/or indirectly involved in the assault, battery, use of excess force, torture and otherwise violated Plaintiff's civil rights, and whose negligence/wantonness caused Plaintiff's injuries on the occasion made the basis of this suit; however, due to Defendants', both named and fictitious, failure to follow proper police protocols, only scarce, incomplete, conflicting accounts of the events exists at this time; inasmuch as the identities of the fictitious party Defendants, which are identified in the style of this complaint, are otherwise unknown to the Plaintiff at this time or, if their names are known to the Plaintiff

      their identities as proper party Defendants are not known to the Plaintiff at this time, and their true names will be substituted by amendment when ascertained.

4.    The Plaintiff fulfilled the statutory requisites of *§11-47-190* and *§ 11-47-192* of the ***Code of Alabama*** by providing written notice in the form of a sworn affidavit hand delivered to the City of Mobile, within the time period specified by statute.

## COUNT ONE

The Plaintiff, Daniel Mingo, alleges against the Defendants, City of Mobile & Fictitious Defendants 1-13, jointly and severally, as follows:

1. On or about 21 January 2010, the Plaintiff, was lawfully traveling a public roadway in his automobile, on Halls Mills Road in Mobile County, along with a passenger, when he stopped by a Defendant Mobile Police Officer, without probable cause.

2. Said Mobile Police Officer forcefully removed Plaintiff from his automobile, searched the Plaintiff, and took possession of Plaintiff's driver's license.

3. Plaintiff, fearing for his life, ran away from the Defendant Officer on foot. Defendant Officer then called other officers to pursue Plaintiff. Defendants' knew that the Plaintiff was unarmed, did not possess any contraband, had no outstanding warrants because they had previously searched the Plaintiff and had the Plaintiff's driver's license and car. Nevertheless, Defendants vigorously conducted a "manhunt" for Plaintiff.

4. Plaintiff further avers that the Defendant Officers that conducted the manhunt and ultimately captured the Plaintiff knew the Plaintiff from previous encounters and

that said Officers had repeatedly harassed and threatened Plaintiff because Plaintiff refused to become a drug informant.

5. While conducting the manhunt, Defendant Officers were given notice by Plaintiff's mother (mother called the Defendants' dispatcher) and by the passenger in the Plaintiff's car, that the Plaintiff suffered from nonviolent mental disabilities and was a current patient of Mobile Mental Health.

6. Upon information and belief, the aforementioned Defendant Mobile Police Officers, despite knowledge of the Plaintiff's mental disabilities, that Plaintiff was unarmed, Plaintiff did not possess illegal narcotics and/or contraband, that Plaintiff had no outstanding warrants and that Plaintiff had committed no crime other than a possible alleged traffic violation, came upon Plaintiff, stripped him of his clothes, drug him through asphalt, gravel and glass, electrocuted him with a taser numerous times, and beat him so severely and to such an extent that Plaintiff suffered several cardiac arrests, a broken nose, blunt force trauma to the head, neck & thorax.

7. Defendants then took Plaintiff to the hospital, brain dead, due to severe swelling of the brain, which was confirmed by a CT-Scan within twenty-four (24) of admission to the hospital.

8. Hospital employees spent in excess of two (2) hours removing glass, asphalt, gravel, and other debris from open wounds caused by Defendants on the Plaintiff's body. As of the filing of this complaint, Plaintiff remains on a ventilator, unable to breath for himself.

9. Defendants' did not even arrest Plaintiff or even allege the Plaintiff committed a

crime until some six (6) days later via a press release and only after learning of the severity of the Plaintiff's injuries.

10. Upon information and belief, one of the Defendant officers, working off duty as a security guard at the Mobile Infirmary, attempted to garner information of the Plaintiff's condition in violation of both State and Federal privacy laws, to-wit: HIPPA. Employers of Mobile Infirmary followed the law and refused to provide the information.

11. Defendants, City of Mobile & Fictitious Defendants 1-13, jointly and severally, which are identified in the style of this complaint, were under a legal duty and obligation to exercise ordinary and reasonable care in apprehending the Plaintiff and to do so in a reasonably safe manner and free from violations of Plaintiff's civil rights, to refrain from use of excess force, to refrain from assaulting and battering Plaintiff and to properly train and supervise its employees and/or officers not to injure citizens by wrongful conduct.

12. On 21 January 2010, the Plaintiff was assaulted, battered, when Defendants used excess force, tortured and otherwise violated Plaintiff's civil rights so negligently by all Defendants, so as to proximately cause all of Plaintiff's injuries described above.

13. The Plaintiff sustained severe & permanent injuries and incurred damages as set forth herein below, and that the said injuries were proximately and directly caused by the combined and concurrent negligence and/or wantonness of all Defendants, both named and fictitious, in one or more of the following respects:

   a. Negligently failing to maintain the operation of the Police Department in a reasonably safe condition for the Plaintiff,

and other citizens;

b. Negligently failing properly hire, train and supervise its employees as to the reasonably safe manner in which to perform its duties;

c. Negligently failing to train and supervise its employees, negligently entrusting employee(s) with duties of a police officer; establishing safe & legal policies and procedures for police officers;

d. Negligently hiring and supervising employees who would not or could not perform duties as a police officer in a reasonably safe manner;

14. Plaintiff alleges that his injuries were caused as a proximate consequence of the above described negligence and/or wrongful conduct and/or breach of duty by all of the Defendants, and that Defendants conduct, combined and concurred to cause the Plaintiff to suffer numerous injuries and damages; he received treatment of his injuries; he incurred medical expenses for the treatment of his injuries and will be caused to incur additional such expenses in the future; loss of income; he has been caused to suffer permanent injuries both physically and emotionally, pain and suffering, humiliation and still so suffers and will so suffer in the future.

**WHEREFORE**, the Plaintiff, demands general compensatory & punitive damages plus interest and costs, both jointly and severally against the Defendants, City of Mobile & Fictitious Defendants 1-13, jointly and severally.

## COUNT TWO

The Plaintiff, Daniel Mingo, alleges against the Defendants, City of Mobile & Fictitious Defendants 1-13, jointly and severally, as follows:

15. Plaintiff hereby adopts and incorporates the allegations previously set out in the Complaint above as if fully set out herein.

16. The Plaintiff sustained severe & permanent injuries and incurred damages as set forth herein below, and that the said injuries were proximately and directly caused by the combined and concurrent negligence and/or wantonness of all Defendants, both named and fictitious, in one or more of the following respects:

    a. Wantonly failing to maintain the operation of the Police Department in a reasonably safe condition for the Plaintiff, and other citizens;

    b. Wantontly failing properly hire, train and supervise its employees as to the reasonably safe manner in which to perform its duties;

    c. Wantontly failing to train and supervise its employees, negligently entrusting employee(s) with duties of a police officer; establishing safe & legal policies and procedures for police officers;

    d. Wantontly hiring and supervising employees who would not or could not perform duties as a police officer in a reasonably safe manner;

    have known that the conditions presented potential hazards to the Plaintiff, as well as other pedestrians and business invitees.

17. Plaintiff alleges that his injuries were caused as a proximate consequence of the above described negligence and/or wrongful conduct and/or breach of duty by all of the Defendants, and that Defendants conduct, combined and concurred to cause the Plaintiff to suffer numerous injuries and damages; he received treatment of his injuries; he incurred medical expenses for the treatment of his injuries and will be caused to incur additional such expenses in the future; he has been caused to suffer permanent injuries both physically and emotionally, pain and suffering, humiliation and still so suffers and will so suffer in the future.

**WHEREFORE**, the Plaintiff, demands general compensatory & punitive damages plus interest and costs, both jointly and severally against the Defendants, City of Mobile & Fictitious Defendants 1-13, jointly and severally.

### COUNT THREE
### EXCESSIVE FORCE

The Plaintiff, Daniel Mingo, alleges against the Defendants, City of Mobile & Fictitious Defendants 1-13, jointly and severally, as follows:

18. The actions by all Defendants violated the Plaintiff's constitutional rights to be free from the use of excessive and unreasonable force. As such, the actions of said Defendants violated Plaintiff's rights under the Fourth Amendment to the United States Constitution, all in violation of 42 U.S.C. §1983.

**WHEREFORE**, the Plaintiff, demands general compensatory & punitive damages plus interest and costs, both jointly and severally against the Defendants, City of Mobile & Fictitious Defendants 1-13, jointly and severally.

### COUNT FOUR
### UNCONSTITUTIONAL POLICY AND PRACTICE OF THE CITY OF MOBILE

The Plaintiff, Daniel Mingo, alleges against the Defendants, City of Mobile & Fictitious Defendants 1-13, jointly and severally, as follows:

19. The actions of Defendant Officers, both named and unnamed, were done pursuant to the policies of the City of Mobile.

20. In the alternative, the conduct and actions of Defendant Officers, both named and unnamed, were done pursuant to a custom which reflected practices of the City of

Mobile so prominent and well settled as to constitute a custom or usage with the force of law. The decisional making officials of the City of Mobile knew, or should have been aware of those practices, but were deliberately indifferent to those acts.

21. As a direct result of those acts, customs and usages, the Plaintiff suffered the aforementioned damages.

22. Defendant, the City of Mobile, violated Plaintiff's constitutional rights and is liable under 42 U.S.C. §1983.

**WHEREFORE**, the Plaintiff, demands general compensatory & punitive damages plus interest and costs, both jointly and severally against the Defendants, City of Mobile & Fictitious Defendants 1-13 jointly and severally.

## COUNT FIVE
## CITY OF MOBILE'S FAILURE TO TRAIN AND SUPERVISE

The Plaintiff, Daniel Mingo, alleges against the Defendants, City of Mobile & Fictitious Defendants 1-13, jointly and severally, as follows:

23. The City of Mobile as a matter of policy and practice has with deliberate indifference failed to properly train and supervise Defendant Officers, both named and unnamed, and its other officers and as a result, the aforesaid conduct and damages occurred. Upon information and belief, the City also failed to properly sanction or discipline its officers including Defendant Officers, both named and unnamed, in this action, for conduct which constituted violations of the constitutional rights of its citizens, thereby causing the Defendant Officers, both named and unnamed, in this case, to engage in unlawful conduct.

24. The City's deliberate indifference violated the Plaintiff's constitutional rights and it is liable under 42 U.S.C. §1983.

**WHEREFORE**, the Plaintiff, demands general compensatory & punitive damages plus interest and costs, both jointly and severally against the Defendants, City of Mobile & Fictitious Defendants 1-13, jointly and severally.

## COUNT SIX
## UNCONSTITUTIONAL PRACTICES OF THE MOBILE POLICE DEPARTMENT

The Plaintiff, Daniel Mingo, alleges against the Defendants, City of Mobile & Fictitious Defendants 1-13, jointly and severally, as follows:

25. The actions of Defendant Officers, both named and unnamed, were done pursuant to the policies of the Mobile Police Department.

26. In the alternative, the conduct and actions of Defendant Officers, both named and unnamed, were done pursuant to a custom which reflected practices of the Mobile Police Department so prominent and well settled as to constitute a custom or usage with the force of law. The decisional making official of the Mobile Police Department knew, or should have been aware of those practices, but were deliberately indifferent to those acts.

27. As a direct result of those acts, customs and usages, the Plaintiff suffered the aforementioned damages.

28. Defendant, Mobile Police Department, violated Plaintiff's constitutional rights and is liable under 42 U.S.C. §1983.

**WHEREFORE**, the Plaintiff, demands general compensatory & punitive damages plus interest and costs, both jointly and severally against the Defendants, City of Mobile & Fictitious

Defendants 1-13, jointly and severally.

## COUNT SEVEN
## MOBILE POLICE DEPARTMENT'S FAILURE TO TRAIN AND SUPERVISE

The Plaintiff, Daniel Mingo, alleges against the Defendants, City of Mobile & Fictitious Defendants 1-13, jointly and severally, as follows:

29. The Mobile Police Department as a matter of policy and practice, has with deliberate indifference failed to properly train and supervise Defendant Officers, both named and unnamed, and its other officers and as a result, the aforesaid conduct and damages occurred. Upon information and belief, the Mobile Police Department also failed to properly sanction or discipline its officers including Defendant Officers, both named and unnamed, in this action, for conduct which constituted violations of the constitutional rights of its citizens, thereby causing officers, including Defendant Officers, both named and unnamed, in this case, to engage in unlawful conduct.

30. The Mobile Police Department deliberate indifference violated the Plaintiff's constitutional rights and it is liable under 42 U.S.C. §1983

**WHEREFORE**, the Plaintiff, demands general compensatory & punitive damages plus interest and costs, both jointly and severally against the Defendants, City of Mobile & Fictitious Defendants 1-13, jointly and severally.

## COUNT EIGHT
## ASSAULT AND BATTERY

The Plaintiff, Daniel Mingo, alleges against the Defendants, City of Mobile & Fictitious

Defendants 1-13, jointly and severally, as follows:

31. Defendant Officers, named and unnamed, assaulted and battered the Plaintiff. Plaintiff was caused injuries by this conduct.

32. Defendant Officers, both named and unnamed, were acting beyond the discretion permitted by his office.

33. Defendant Officers', both named and unnamed, conduct was so egregious as to amount to willful or malicious conduct or conduct engaged in bad faith.

34. Defendant, Mobile Police Department is variously liable for the assault and battery by Defendant Officers, both named and unnamed.

**WHEREFORE**, the Plaintiff, demands general compensatory & punitive damages plus interest and costs, both jointly and severally against the Defendants, City of Mobile & Fictitious Defendants 1-13, jointly and severally.

## COUNT NINE
## NEGLIGENT AND WANTON SUPERVISION, HIRING AND RETENTION

The Plaintiff, Daniel Mingo, alleges against the Defendants, City of Mobile & Fictitious Defendants 1-13, jointly and severally, as follows:

35. Defendant, City of Mobile, negligently or wantonly supervised Defendant Officers, both named and unnamed, thus breaching its duty to the Plaintiff herein.

36. The Defendant, City of Mobile, negligently or wantonly hired Defendant Officers, both named and unnamed, when they knew or should have known that he would carry out extreme and outrageous conduct as alleged herein, and thus the City of Mobile did breach its duty to the Plaintiff herein.

37. The Defendant, City of Mobile, negligently or wantonly retained Defendant Officers, both named and unnamed, after said officer carried out the extreme and outrageous conduct that is alleged herein, thus breaching its duty to the Plaintiff herein.

38. As a proximate result of the negligence and wantonness mentioned above, the Plaintiff has suffered pain, injury, emotional distress, embarrassment and humiliation.

**WHEREFORE**, the Plaintiff, demands general compensatory & punitive damages plus interest and costs, both jointly and severally against the Defendants, City of Mobile & Fictitious Defendants 1-13, jointly and severally.

## COUNT TEN
## EXCESSIVE FORCE

The Plaintiff, Daniel Mingo, alleges against the Defendants, City of Mobile & Fictitious Defendants 1-13, jointly and severally, as follows:

39. The actions by Defendant Officers, both named and unnamed, violated the Plaintiffs' Constitutional rights to be free from the use of excessive and unreasonable force. As such, the actions of said Defendants violated Plaintiff's rights under the Fourteenth Amendment to the United States Constitution, all in violation of 42 U.S.C. §1983.

**WHEREFORE**, the Plaintiff, demands general compensatory & punitive damages plus interest and costs, both jointly and severally against the Defendants, City of Mobile & Fictitious Defendants 1-13, jointly and severally.

## GENERAL PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment as follows:

(A) Declare that the actions of the Defendants, by and through its officers, constituted a

violation of Plaintiff's constitutional rights to be free from excessive force;

(B) Award the Plaintiff such compensatory damages he has suffered as a result of the constitutional violations he has suffered pursuant to 42 U.S.C. §1983;

(C) Award the Plaintiff compensatory damages against the City of Mobile and Defendant Officers, both named and unnamed arising out of the acts of the assault and battery. Further award such compensatory damages against the City for its negligence or wantonness in hiring, supervising and retaining Defendant Officers, both named and unnamed;

(D) Award the Plaintiff punitive damages against Defendant Officers, both named and unnamed

(E) Award the Plaintiff attorneys' fees and costs pursuant to 42 U.S.C. §1988; and,

(F) Such other relief to which he may be entitled.

Respectfully Submitted:

BY: /s/ H. Chase Dearman
H. CHASE DEARMAN (DEA032)
Attorney for Plaintiff

OF COUNSEL:

DEARMAN LAW FIRM P.C.
Attorneys at Law
50 St. Emanuel Street
Mobile, Alabama 36602
Telephone (251) 445-6997
Facsimile (251) 445-6996

**PLAINTIFFS RESPECTFULLY DEMANDS A TRIAL BY JURY.**

**DEFENDANTS MAY BE SERVED AS FOLLOWS:**

CITY OF MOBILE                           (VIA PERSONAL SERVICE)
MOBILE POLICE DEPARTMENT
c/o Ms. Glenda A. Morgan
City Clerk
Mobile County Courthouse
205 Government Street
Mobile, Alabama 36602